Filed 8/10/22 In re B.B. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re B.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>B.B.,<br><br>    Defendant and Appellant. | F083892<br><br>(Super. Ct. No. JW141641-00)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from an order of the Superior Court of Kern County. Wendy L. Avila, Judge.

Candice L. Christensen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Ross K. Naughton, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Poochigian, Acting P. J., Franson, J. and Snauffer, J.

Minor B.B. contends on appeal that the robbery finding against him by the juvenile court must be reversed because there is no substantial evidence on the record to support the "force" or "fear" element of robbery. The People agree, as do we. We reverse the juvenile court's robbery determination. In all other respects, the disposition order is affirmed.

## PROCEDURAL SUMMARY

On January 15, 2021, an original juvenile wardship petition was filed, pursuant to Welfare & Institutions Code section 602, alleging that minor had committed robbery (Pen. Code, § 212.5, subd. (c); [1] count 1) and grand theft from a person (§ 487, subd. (c); count 2).

On December 23, 2021, there was a contested jurisdictional hearing. The juvenile court found both counts of the petition to be true.

On January 10, 2022, there was a disposition hearing. The court deemed count 2 a felony, rather than a misdemeanor. Minor was adjudged a ward of the court and placed on probation not to exceed his 21st birthday. He was committed to Kern Crossroads Facility, to be released to his mother upon completion.

On February 4, 2022, minor filed a notice of appeal.

## FACTUAL SUMMARY

While playing hide-and-seek with J.M., a six-year-old, minor, then 14 years old, asked to see J.M.'s necklace. J.M. allowed him to unclasp it. Minor removed it from J.M.'s neck by undoing the clasp, then ran away with it. J.M. chased after minor but could not find him.

In court, J.M. testified that minor did not say or do anything to him when taking his necklace, aside from asking to see it and undoing the clasp. He testified that minor

---

[1] All statutory references are to the Penal Code unless otherwise noted.

did not push him.  J.M. testified that E.C., minor's friend and J.M.'s neighbor, also a teenager, saw minor take his necklace.

E.C. testified that he remembered playing hide-and-seek with minor and J.M., but denied seeing minor take J.M.'s necklace, and denied that he told the police that he had. However, E.C. testified that he did see J.M. crying, after which E.C. tried to find minor. He testified that he failed to find minor.  He testified that later that day, he told J.M.'s mother that he did not know who had taken J.M.'s necklace.

J.M.'s mother testified that E.C. told her that day that minor had taken J.M.'s necklace.

## DISCUSSION

Minor contends that the evidence presented by the prosecution established neither the "force" nor "fear" element of robbery.  The People agree, as do we.

### A.    *Background*

During minor's contested jurisdictional hearing, the prosecutor argued that the "force" or "fear" element of robbery was proven by minor's conduct, stating,

> "[Minor] approached a child who was obviously less than half his size and grabbed his necklace and ran away with it.  I believe that is sufficient for the 487(c), the grand theft from a person, as well as the fact that he—although the minor describes that it was a clasp.  The size difference, and the fact that he had apparently taken the necklace from [J.M.] before clearly indicates that there was fear or force involved, and therefore we would and that the Court find Count 1 and 2 to be true."

Defense counsel then argued,

> "As far as the robbery charge, I do not believe that Petitioner has shown that there was force or fear used, even if the court was to find that [minor] was the one that took the necklace.  There are quite a few cases regarding force or fear.  One, [*People v. Morales* (1975) 49 Cal.App.3d 134, 139], which states that something more is required than just that quantum of force, which is necessary, [for] seizing the subject of the property.

"J.M. testified that [minor] didn't push him. That he just ran away. That he let him see it and allowed him to take the necklace off by opening the clasp and taking it off.

"The element of force and fear is not present here."

The juvenile court then requested that the prosecutor "address the force or fear element." At that point, the prosecutor stated,

"Your honor, actually I'm going to submit on that issue in regard to the force or fear based upon the testimony of the victim. Other than to just address, once again, that based upon the testimony of the victim that he had a necklace taken from him previously. But I will submit on that."

The juvenile court then stated,

"In looking at the element of the robbery, you know the only issue is in relation to the force or fear, and I do think that [the prosecutor] has a credible argument. If you, first of all, factor in [J.M.] is actually a very small six year old who was on the stand. And just comparing their size right now. They are both presently in the court. [J.M.] is not only half his size, he's only about a third of [minor's] size. And I feel the fact that there were two teenagers present at the time that [minor] was taking the necklace off of his neck would cause that fear. I think the fact that fear is shown by the fact that [J.M.] was crying after the fact. And that was testified to, I believe, at least by [E.C.], I do think that was a brief moment of truth on his part."

The juvenile court then held that the prosecution had met its burden of proof on both counts.

### B.     Law

We review the minor's contentions using the same standard of review that applies in adult criminal cases. (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.) "Specifically, we determine whether substantial evidence—'evidence that is reasonable, credible, and of solid value'—supports the juvenile court's findings. [Citation.] We view the evidence 'in the light most favorable to the prosecution and presume in support of the [findings] the existence of every fact the [court] could reasonably have deduced from the evidence.' [Citation.] We 'accept [all] logical inferences that the [court] might have drawn from the

4.

… evidence' [citation], but reject inferences ' "based on suspicion alone or on imagination, speculation, supposition, surmise, conjecture, or guess work." ' [Citations.] We will reverse only if ' " "it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the [court's findings].' " (*In re I.A.* (2020) 48 Cal.App.5th 767, 778 (*I.A.*).)

Second degree robbery is willfully and unlawfully taking personal property "by means of force or fear." (§ 211.)

To establish that a robbery was committed by means of force, "it is established that something more is required than just that quantum of force which is necessary to accomplish the mere seizing of the property." (*People v. Morales* (1975) 49 Cal.App.3d 134, 139.) " '[T]he force need not be great ….' [Citation.] 'An accepted articulation of the rule is that " '[a]ll the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance ….' " ' " (*People v. Montalvo* (2019) 36 Cal.App.5th 597, 618.)

" 'To establish a robbery was committed by means of fear, the prosecution "must present evidence '… that the victim was *in fact afraid*, and that such fear allowed the crime to be accomplished.' " ' [Citation.] Thus, the fear element is subjective in nature." (*People v. Montalvo*, *supra*, 36 Cal.App.5th at p. 612.) The minor must demonstrate " ' " 'conduct, words, or circumstances reasonably calculated to produce fear ….' " ' " (*People v. Morehead* (2011) 191 Cal.App.4th 765, 775.) " 'The fear is sufficient if it facilitated the [minor]'s taking of the property. Thus, any intimidation, even without threats, may be sufficient.' " (*Montalvo*, at p. 612.) "[G]iven the language of section 212, the intimidation must not only produce fear, but the fear must be of the infliction of injury." (*Ibid*.) "However, the victim need not explicitly testify that he or she was afraid of injury where there is evidence from which it can be inferred that the victim was in fact afraid of injury." (*Ibid*.)

### C.    Analysis

Minor contends there is no substantial evidence to support the "force or fear" element of the juvenile court's robbery determination.  The People agree, as do we.

There is no substantial evidence on the record that minor used "force," per section 212.5, subdivision (c), to commit robbery.  J.M. did not testify that he resisted minor, or that minor did anything more to obtain the necklace from him than ask to see it, which J.M. testified that he then allowed minor to do.  J.M. denied that minor did or said anything else to him and testified that minor did not push him during the interaction.  Accordingly, when viewing the evidence " 'in the light most favorable to the prosecution and presum[ing] in support of the [findings] the existence of every fact the [court] could reasonably have deduced from the evidence,' " the record here fails to establish that minor used anything more than the force required to accomplish the seizing of the property from J.M.  (*I.A.*, *supra*, 48 Cal.App.5th at p. 778.)

There is also no substantial evidence on the record that minor used "fear," per section 212.5, subdivision (c), to commit robbery.  Here, J.M. also said nothing about being afraid of minor during his testimony.  Although J.M. was, as the juvenile court noted, found crying after the incident, this is not substantial evidence that J.M. feared injury at minor's hands at the time minor was unclasping his necklace from his neck.  There was no testimony that J.M. was crying while minor was in the process of removing the necklace.  J.M. also did not testify that the difference in age or size made him fear minor when he asked to see his necklace.  Furthermore, J.M. testified that minor did not take the necklace without asking, but first asked him if he could see it, which J.M. testified that he allowed him to do.  Accordingly, when viewing the evidence " 'in the light most favorable to the prosecution and presum[ing] in support of the [findings] the existence of every fact the [court] could reasonably have deduced from the evidence,' " the record here contains no substantial evidence to establish that J.M. feared injury from

6.

minor when minor was taking the necklace from J.M. (*I.A.*, *supra*, 48 Cal.App.5th at p. 778.)

Substantial evidence does not support the juvenile court's determination that minor committed robbery using "force" or "fear."

## DISPOSITION

We reverse the juvenile court's robbery determination. In all other respects, the disposition order is affirmed.